IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HERON THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| BAXTER HEALTHCARE | ) | |
| CORPORATION and BAXTER | ) | |
| INTERNATIONAL INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Heron Therapeutics, Inc. ("Heron"), for its Complaint against Defendants Baxter Healthcare Corporation ("Baxter Healthcare") and Baxter International Inc. ("Baxter International") (collectively, "Baxter") hereby alleges as follows:

## THE PARTIES

1.      Heron is a corporation organized and existing under the laws of Delaware, having a place of business at 100 Regency Forest Drive, Suite 300, Cary, NC 27518.

2.      Upon information and belief, Baxter Healthcare is a corporation organized and existing under the laws of Delaware with a principal place of business at One Baxter Parkway, Deerfield, Illinois 60015.

3.      Upon information and belief, Baxter International is a corporation organized and existing under the laws of Delaware with a principal place of business at One Baxter Parkway, Deerfield, Illinois 60015.

4.      Upon information and belief, Baxter Healthcare is a wholly owned subsidiary of Baxter International.

5.     Upon information and belief, Baxter Healthcare and Baxter International acted in concert to prepare and submit Baxter's Abbreviated New Drug Application ("ANDA") No. 220233.

6.     Upon information and belief, Baxter Healthcare, itself and/or in cooperation with Baxter International, develops, manufactures, markets, sells, distributes, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this judicial district.

7.     Upon information and belief, Baxter International, itself and/or in cooperation with Baxter Healthcare, develops, manufactures, markets, sells, distributes, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this judicial district.

## NATURE OF THE ACTION

8.     This is a civil action for infringement of United States Patent Nos. 9,561,229 ("the '229 patent"), 9,808,465 ("the '465 patent"), 9,974,742 ("the '742 patent"), 9,974,793 ("the '793 patent"), 9,974,794 ("the '794 patent"), 10,500,208 ("the '208 patent"), 10,624,850 ("the '850 patent"), 10,953,018 ("the '018 patent"), 11,173,118 ("the '118 patent"), 11,744,800 ("the '800 patent"), 12,115,254 ("the '254 patent"), 12,115,255 ("the '255 patent"), and 12,290,520 ("the '520 patent") (collectively, "the patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## JURISDICTION & VENUE

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 271.  This Court may declare the rights

and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

10.     Upon information and belief, Baxter International, itself and/or through its subsidiaries, agents, and/or alter egos, including Baxter Healthcare, develops manufactures, sells, distributes, and/or imports for sale drug products throughout the United States, including in Delaware.

11.     Upon information and belief, Baxter International directs the operations, management, and activities of Baxter Healthcare.

12.     Upon information and belief, Baxter International, directly or through Baxter Healthcare, routinely directs, makes, and/or contributes to the submission of ANDAs seeking FDA approval to market drug products in the United States.

13.     Upon information and belief, Baxter Healthcare and Baxter International collaborate in the marketing, sale, and/or distribution of many pharmaceutical products (including generic drug products manufactured and sold pursuant to approved ANDAs) throughout the United States, including within Delaware.

14.     This Court has personal jurisdiction over Baxter Healthcare because it is a company organized and existing under the laws of Delaware.

15.     This Court further has personal jurisdiction over Baxter Healthcare because, on information and belief, Baxter Healthcare intends to market, sell, and/or distribute generic pharmaceutical drug products within Delaware and to residents of Delaware, including the generic drug product that is the subject of ANDA No. 220233.  The submission of ANDA No. 220233 and the marketing, offer for sale, sale, distribution, and/or importation of the generic drug product that is the subject of ANDA No. 220233 infringes the patents-in-suit and will lead to foreseeable harm

and injury to Heron, a Delaware corporation, in the State of Delaware. On information and belief, Baxter Healthcare has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement that has led to and/or will lead to foreseeable harm and injury to Heron, a Delaware corporation, in the State of Delaware.

16.    This Court further has personal jurisdiction over Baxter Healthcare because it has previously availed itself to the rights and benefits of this Court by asserting counterclaims in this Judicial District and because it has consented to and not challenged personal jurisdiction in this Judicial District. *E.g.*, *Nevakar Injectables, Inc. et al. v. Baxter Healthcare Corp.*, 1-25-cv-301 (D. Del. 2025); *Eagle Pharmaceuticals, Inc. v. Baxter Healthcare Corp.*, 1-24-cv-066 (D. Del. 2024); *Endo USA, Inc. et al. v. Baxter Healthcare Corp.*, 1-23-358 (D. Del. 2023).

17.    This Court has personal jurisdiction over Baxter International because it is a company organized and existing under the laws of Delaware.

18.    This Court further has personal jurisdiction over Baxter International because, on information and belief, Baxter International intends to market, sell, and/or distribute generic pharmaceutical drug products within Delaware and to residents of Delaware, including the generic drug product that is the subject of ANDA No. 220233. The submission of ANDA No. 220233 and the marketing, offer for sale, sale, distribution, and/or importation of the generic drug product that is the subject of ANDA No. 220233 infringes the patents-in-suit and will lead to foreseeable harm and injury to Heron, a Delaware corporation, in the State of Delaware. On information and belief, Baxter International has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement that has led to and/or will lead to foreseeable harm and injury to Heron, a Delaware corporation, in the State of Delaware.

19.     This Court further has personal jurisdiction over Baxter International because it has previously availed itself to the rights and benefits of this Court by asserting counterclaims in this Judicial District and because it has consented to and not challenged personal jurisdiction in this Judicial District.  *E.g.*, *Rydex Technologies LLC v. Baxter International, Inc.*, 1-13-664 (D. Del. 2013).

20.     This Court further has personal jurisdiction over Baxter Healthcare and Baxter International for other reasons that will be presented to the Court if jurisdiction is challenged.

21.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

22.     Venue is proper in this district with respect to Baxter Healthcare for the reasons set forth above, including because Baxter Healthcare is incorporated in Delaware and has committed acts of infringement in this judicial district, and, upon information and belief, it will commit further acts of infringement in this judicial district.

23.     Venue is proper in this district with respect to Baxter International for the reasons set forth above, including because Baxter International is incorporated in Delaware and has committed acts of infringement in this judicial district, and, upon information and belief, it will commit further acts of infringement in this judicial district.

24.     Venue is proper with respect to Baxter for other reasons that will be presented to the Court if venue is challenged.

### THE PATENTS-IN-SUIT

25.     Heron is the owner of the '229 patent, titled "Emulsion Formulations of Aprepitant."  The '229 patent was duly and legally issued on February 7, 2017.  A copy of the '229 patent is attached as Exhibit A.

26.    Heron is the owner of the '465 patent, titled "Emulsion Formulations of Aprepitant." The '465 patent was duly and legally issued on November 7, 2017. A copy of the '465 patent is attached as Exhibit B.

27.    Heron is the owner of the '742 patent, titled "Emulsion Formulations of an NK-1 Receptor Antagonist and Uses Thereof." The '742 patent was duly and legally issued on May 22, 2018. A copy of the '742 patent is attached as Exhibit C.

28.    Heron is the owner of the '793 patent, titled "Emulsion Formulations of Aprepitant." The '793 patent was duly and legally issued on May 22, 2018. A copy of the '793 patent is attached as Exhibit D.

29.    Heron is the owner of the '794 patent, titled "Emulsion Formulations of Aprepitant." The '794 patent was duly and legally issued on May 22, 2018. A copy of the '794 patent is attached as Exhibit E.

30.    Heron is the owner of the '208 patent, titled "Emulsion Formulations of Aprepitant." The '208 patent was duly and legally issued on December 10, 2019. A copy of the '208 patent is attached as Exhibit F.

31.    Heron is the owner of the '850 patent, titled "Emulsion Formulations of an NK-1 Receptor Antagonist and Uses Thereof." The '850 patent was duly and legally issued on April 21, 2020. A copy of the '850 patent is attached as Exhibit G.

32.    Heron is the owner of the '018 patent, titled "Emulsion Formulations of Aprepitant." The '018 patent was duly and legally issued on March 23, 2021. A copy of the '018 patent is attached as Exhibit H.

33.     Heron is the owner of the '118 patent, titled "Emulsion Formulations of an NK-1 Receptor Antagonist and Uses Thereof."  The '118 patent was duly and legally issued on November 16, 2021.  A copy of the '118 patent is attached as Exhibit I.

34.     Heron is the owner of the '800 patent, titled "Methods of Use of Emulsion Formulations of an NK-1 Receptor Antagonist."  The '800 patent was duly and legally issued on September 5, 2023.  A copy of the '800 patent is attached as Exhibit J.

35.     Heron is the owner of the '254 patent, titled "Methods of Use of Emulsion Formulations of an NK-1 Receptor Antagonist."  The '254 patent was duly and legally issued on October 15, 2024.  A copy of the '254 patent is attached as Exhibit K.

36.     Heron is the owner of the '255 patent, titled "Methods of Use of Emulsion Formulations of an NK-1 Receptor Antagonist."  The '255 patent was duly and legally issued on October 15, 2024.  A copy of the '255 patent is attached as Exhibit L.

37.     Heron is the owner of the '520 patent, titled "Methods of Use of Emulsion Formulations of Aprepitant."  The '520 patent was duly and legally issued on May 6, 2025.  A copy of the '520 patent is attached as Exhibit M.

## ACTS GIVING RISE TO THIS ACTION

38.     Heron holds New Drug Application ("NDA") No. 209296 for an injectable emulsion for intravenous use containing 130mg/18mL (7.2 mg/mL) aprepitant as the active ingredient, which was approved by the Food and Drug Administration ("FDA") on November 9, 2017.  Heron markets and sells this injectable emulsion in the United States under the brand name Cinvanti®.

39.     Cinvanti® (aprepitant) is indicated for the treatment in adults, in combination with other antiemetic agents, for the prevention of (1) acute and delayed nausea and vomiting associated with initial and repeat courses of highly emetogenic cancer chemotherapy including high dose

cisplatin as a single-dose regimen, (2) delayed nausea and vomiting with initial and repeat courses of moderately emetogenic cancer chemotherapy as a single-dose regimen, and (3) nausea and vomiting associated with initial and repeat courses of moderately emetogenic cancer chemotherapy as a 3-day regimen.

40.    The composition of Cinvanti® is an embodiment of one or more claims of the patents-in-suit.  Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for Cinvanti®.

41.    Upon information and belief, Baxter submitted ANDA No. 220233 to the FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of an injectable emulsion containing 130mg/18mL (7.2 mg/mL) aprepitant ("the Baxter Generic Product") prior to the expiration of the patents-in-suit.

42.    Upon information and belief, by filing ANDA No. 220233, Baxter has certified to the FDA that the Baxter Generic Product has the same active ingredient as Cinvanti®, the same or substantially the same indications as Cinvanti®, and the same or substantially the same proposed labeling directing the use thereof as Cinvanti®.

43.    Upon information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Baxter certified in ANDA No. 220233 that the claims of the patents-in-suit are invalid and/or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Baxter Generic Product.

44.     On November 19, 2025, Heron received written notification of Baxter's ANDA No. 220233 and its accompanying § 505(j)(2)(A)(vii)(IV) certification by FedEx® in a Paragraph IV Certification Notice Letter dated November 18, 2025 ("Baxter's Notice Letter").

45.     Upon information and belief, the proposed Baxter Generic Product, any commercial manufacture, use, sale, and/or offer to sell this product for sale within the United States, and/or any importation of this product into the United States, meets or embodies all elements of one or more claims of each of the patents-in-suit, literally and/or under the doctrine of equivalents.

46.     This action was filed within 45 days of Heron receiving Baxter's Notice Letter.

**COUNT I**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 9,561,229**

47.     Heron re-alleges paragraphs 1-46 as if fully set forth herein.

48.     Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '229 patent under 35 U.S.C. § 271(e)(2)(A).

49.     Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '229 patent.

50.     Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

51.     Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '229 patent will infringe and/or induce and/or contribute to

the infringement of the '229 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

52.    In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for claims 1-11 of the '229 patent separate and apart from any assertions of invalidity of those claims.

53.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '229 patent, or any later expiration of exclusivity for the '229 patent to which Heron is or becomes entitled.

54.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '229 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

55.    Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

56.    Upon information and belief, Baxter was aware of the existence of the '229 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '229 patent constituted an act of infringement of that patent.

## COUNT II
## INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 9,808,465

57.    Heron re-alleges paragraphs 1-56 as if fully set forth herein.

58.     Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '465 patent under 35 U.S.C. § 271(e)(2)(A).

59.     Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '465 patent.

60.     Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

61.     Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '465 patent will infringe and/or induce and/or contribute to the infringement of the '465 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

62.     Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '465 patent, or any later expiration of exclusivity for the '465 patent to which Heron is or becomes entitled.

63.     Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '465 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

64.    Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

65.    Upon information and belief, Baxter was aware of the existence of the '465 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '465 patent constituted an act of infringement of that patent.

**COUNT III**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 9,974,742**

66.    Heron re-alleges paragraphs 1-65 as if fully set forth herein.

67.    Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '742 patent under 35 U.S.C. § 271(e)(2)(A).

68.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '742 patent.

69.    Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

70.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '742 patent will infringe and/or induce and/or contribute to the infringement of the '742 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) either literally or under the doctrine of equivalents.

71.    In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for claims 1-7, 9-21, and 23 of the '742 patent separate and apart from any assertions of invalidity of those claims.

72.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '742 patent, or any later expiration of exclusivity for the '742 patent to which Heron is or becomes entitled.

73.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '742 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

74.    Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

75.    Upon information and belief, Baxter was aware of the existence of the '742 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '742 patent constituted an act of infringement of that patent.

**COUNT IV**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 9,974,793**

76.    Heron re-alleges paragraphs 1-75 as if fully set forth herein.

77.    Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '793 patent under 35 U.S.C. § 271(e)(2)(A).

78.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '793 patent.

79.    Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

80.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '793 patent will infringe and/or induce and/or contribute to the infringement of the '793 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

81.    In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for the claims of the '793 patent separate and apart from any assertions of invalidity of those claims.

82.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '793 patent, or any later expiration of exclusivity for the '793 patent to which Heron is or becomes entitled.

83.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '793 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

84.     Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

85.     Upon information and belief, Baxter was aware of the existence of the '793 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '793 patent constituted an act of infringement of that patent.

**COUNT V**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 9,974,794**

86.     Heron re-alleges paragraphs 1-85 as if fully set forth herein.

87.     Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '794 patent under 35 U.S.C. § 271(e)(2)(A).

88.     Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '794 patent.

89.     Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

90.     Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '794 patent will infringe and/or induce and/or contribute to the infringement of the '794 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

91.     In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for claims 1-11 of the '794 patent separate and apart from any assertions of invalidity of those claims.

92.     Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '794 patent, or any later expiration of exclusivity for the '794 patent to which Heron is or becomes entitled.

93.     Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '794 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

94.     Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

95.     Upon information and belief, Baxter was aware of the existence of the '794 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '794 patent constituted an act of infringement of that patent.

## COUNT VI
## INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 10,500,208

96.     Heron re-alleges paragraphs 1-95 as if fully set forth herein.

97.     Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '208 patent under 35 U.S.C. § 271(e)(2)(A).

98.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '208 patent.

99.    Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

100.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '208 patent will infringe and/or induce and/or contribute to the infringement of the '208 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) either literally or under the doctrine of equivalents.

101.    In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for the claims of the '208 patent separate and apart from any assertions of invalidity of those claims.

102.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '208 patent, or any later expiration of exclusivity for the '208 patent to which Heron is or becomes entitled.

103.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '208 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

-17-

104.    Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

105.    Upon information and belief, Baxter was aware of the existence of the '208 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '208 patent constituted an act of infringement of that patent.

**COUNT VII**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 10,624,850**

106.    Heron re-alleges paragraphs 1-105 as if fully set forth herein.

107.    Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '850 patent under 35 U.S.C. § 271(e)(2)(A).

108.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '850 patent.

109.    Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

110.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '850 patent will infringe and/or induce and/or contribute to the infringement of the '850 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

111.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is

not earlier than the expiration of the '850 patent, or any later expiration of exclusivity for the '850 patent to which Heron is or becomes entitled.

112.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '850 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

113.    Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

114.    Upon information and belief, Baxter was aware of the existence of the '850 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '850 patent constituted an act of infringement of that patent.

**COUNT VIII**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 10,953,018**

115.    Heron re-alleges paragraphs 1-114 as if fully set forth herein.

116.    Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '018 patent under 35 U.S.C. § 271(e)(2)(A).

117.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '018 patent.

118.    Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

119.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '018 patent will infringe and/or induce and/or contribute to the infringement of the '018 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

120.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '018 patent, or any later expiration of exclusivity for the '018 patent to which Heron is or becomes entitled.

121.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '018 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

122.    Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

123.    Upon information and belief, Baxter was aware of the existence of the '018 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '018 patent constituted an act of infringement of that patent.

**COUNT IX**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 11,173,118**

124.    Heron re-alleges paragraphs 1-123 as if fully set forth herein.

125.    Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '118 patent under 35 U.S.C. § 271(e)(2)(A).

126.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '118 patent.

127.    Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

128.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '118 patent will infringe and/or induce and/or contribute to the infringement of the '118 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

129.    In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for claims 1-9 and 11-17 of the '118 patent separate and apart from any assertions of invalidity of those claims.

130.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '118 patent, or any later expiration of exclusivity for the '118 patent to which Heron is or becomes entitled.

131.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports

the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to

such conduct, Baxter will infringe one or more claims of the '118 patent under 35 U.S.C. §§ 271(a),

(b), and/or (c).

132.    Heron will be irreparably harmed by Baxter's infringing activities unless those

activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

133.    Upon information and belief, Baxter was aware of the existence of the '118 patent

and was aware that the filing of ANDA No. 220233 and the certification with respect to the '118

patent constituted an act of infringement of that patent.

**COUNT X**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 11,744,800**

134.    Heron re-alleges paragraphs 1-133 as if fully set forth herein.

135.    Baxter's submission of ANDA No. 220233 to the FDA, including its

§ 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '800 patent under 35 U.S.C.

§ 271(e)(2)(A).

136.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within

the United States, and/or importation into the United States, of the proposed Baxter Generic

Product meets or embodies all elements of one or more claims of the '800 patent.

137.    Upon information and belief, Baxter intends to and will engage in the commercial

manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United

States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

138.    Upon information and belief, the commercial manufacture, use, sale, and/or offer

for sale, within the United States, and/or import into the United States of the Baxter Generic

Product prior to the expiration of the '800 patent will infringe and/or induce and/or contribute to

the infringement of the '800 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

139.    In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for the claims of the '800 patent separate and apart from any assertions of invalidity of those claims.

140.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '800 patent, or any later expiration of exclusivity for the '800 patent to which Heron is or becomes entitled.

141.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '800 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

142.    Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

143.    Upon information and belief, Baxter was aware of the existence of the '800 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '800 patent constituted an act of infringement of that patent.

## COUNT XI
## INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 12,115,254

144.    Heron re-alleges paragraphs 1-143 as if fully set forth herein.

145.    Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '254 patent under 35 U.S.C. § 271(e)(2)(A).

146.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '254 patent.

147.    Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

148.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '254 patent will infringe and/or induce and/or contribute to the infringement of the '254 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

149.    In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for the claims of the '254 patent separate and apart from any assertions of invalidity of those claims.

150.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '254 patent, or any later expiration of exclusivity for the '254 patent to which Heron is or becomes entitled.

151.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports

the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to

such conduct, Baxter will infringe one or more claims of the '254 patent under 35 U.S.C. §§ 271(a),

(b), and/or (c).

152.    Heron will be irreparably harmed by Baxter's infringing activities unless those

activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

153.    Upon information and belief, Baxter was aware of the existence of the '254 patent

and was aware that the filing of ANDA No. 220233 and the certification with respect to the '254

patent constituted an act of infringement of that patent.

**COUNT XII**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 12,115,255**

154.    Heron re-alleges paragraphs 1-153 as if fully set forth herein.

155.    Baxter's submission of ANDA No. 220233 to the FDA, including its

§ 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '255 patent under 35 U.S.C.

§ 271(e)(2)(A).

156.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within

the United States, and/or importation into the United States, of the proposed Baxter Generic

Product meets or embodies all elements of one or more claims of the '255 patent.

157.    Upon information and belief, Baxter intends to and will engage in the commercial

manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United

States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

158.    Upon information and belief, the commercial manufacture, use, sale, and/or offer

for sale, within the United States, and/or import into the United States of the Baxter Generic

Product prior to the expiration of the '255 patent will infringe and/or induce and/or contribute to

the infringement of the '255 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

159.    In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for the claims of the '255 patent separate and apart from any assertions of invalidity of those claims.

160.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '255 patent, or any later expiration of exclusivity for the '255 patent to which Heron is or becomes entitled.

161.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to such conduct, Baxter will infringe one or more claims of the '255 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

162.    Heron will be irreparably harmed by Baxter's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

163.    Upon information and belief, Baxter was aware of the existence of the '255 patent and was aware that the filing of ANDA No. 220233 and the certification with respect to the '255 patent constituted an act of infringement of that patent.

**COUNT XIII**
**INFRINGEMENT BY BAXTER OF U.S. PATENT NO. 12,290,520**

164.    Heron re-alleges paragraphs 1-163 as if fully set forth herein.

165.    Baxter's submission of ANDA No. 220233 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '520 patent under 35 U.S.C. § 271(e)(2)(A).

166.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Baxter Generic Product meets or embodies all elements of one or more claims of the '520 patent.

167.    Upon information and belief, Baxter intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product if it receives FDA approval of ANDA No. 220233.

168.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Baxter Generic Product prior to the expiration of the '520 patent will infringe and/or induce and/or contribute to the infringement of the '520 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

169.    In Baxter's Notice Letter, Baxter did not set forth an opinion of noninfringement for the claims of the '520 patent separate and apart from any assertions of invalidity of those claims.

170.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Baxter's ANDA No. 220233 be a date that is not earlier than the expiration of the '520 patent, or any later expiration of exclusivity for the '520 patent to which Heron is or becomes entitled.

171.    Heron is entitled to a declaration that, if Baxter commercially manufactures, uses, offers for sale, and/or sells the proposed Baxter Generic Product within the United States, imports

the proposed Baxter Generic Product into the United States, and/or induces and/or contributes to

such conduct, Baxter will infringe one or more claims of the '520 patent under 35 U.S.C. §§ 271(a),

(b), and/or (c).

172.    Heron will be irreparably harmed by Baxter's infringing activities unless those

activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

173.    Upon information and belief, Baxter was aware of the existence of the '520 patent

and was aware that the filing of ANDA No. 220233 and the certification with respect to the '520

patent constituted an act of infringement of that patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Heron requests that the Court grant the following relief:

A.    A judgment decreeing that Baxter has infringed one or more claims of each

patent-in-suit by submitting ANDA No. 220233;

B.    A judgment decreeing that Baxter will infringe one or more claims of each patent-

in-suit if it commercially manufactures, uses, offers for sale, or sells the proposed Baxter Generic

Product within the United States, imports the proposed Baxter Generic Product into the United

States, or induces and/or contributes to such conduct;

C.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of

any FDA approval of Baxter's ANDA No. 220233 be a date not earlier than the latest expiration

date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for

the patents-in-suit to which Heron is or becomes entitled;

D.    A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283

restraining and enjoining Baxter, its directors, officers, agents, attorneys, affiliates, divisions,

successors, and employees, and those acting in privity or concert with them, from commercially

manufacturing, using, offering to sell, and/or selling within the United States, or importing into

the United States the Baxter Generic Product and any other product that infringes or induces or contributes to the infringement of one or more of the patents-in-suit, prior to the expiration of the patents-in-suit, including any exclusivities or extensions to which Heron is or become entitled;

       E.     A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and that Heron be awarded its attorneys' fees; and

       F.     Such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Isaac S. Ashkenazi
Christopher P. Hill
Justin T. Fleischacker
Stephen Kruse
Sydney Bruns
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000

Karthik R. Kasaraneni
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036

December 23, 2025

/s/ Jeremy A. Tigan
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com

*Attorneys for Plaintiff*
*Heron Therapeutics, Inc.*