IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HERON THERAPEUTICS, INC.,            )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   C.A. No. 25-1555 (WCB)
                                     )
BAXTER HEALTHCARE CORPORATION        )
and BAXTER INTERNATIONAL INC.,       )
                                     )
            Defendants.              )

**SCHEDULING ORDER**

The court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration:

IT IS ORDERED that:

1. Rule 26(a) Initial Disclosures.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than one week after this scheduling order is entered.  The parties shall also make their Paragraph 3 Initial Disclosures no later than one week after this scheduling order is entered.

2. Asserted Claims Disclosure.  Plaintiff shall identify the asserted claims and produce the asserted patents and file histories no later than April 17, 2026.

3. Core Technical Documents.  The parties shall produce core technical documents no later than May 22, 2026.

4. Invalidity Contentions. Unless otherwise agreed to, not later than June 12, 2026, Defendants shall serve their Invalidity Contentions on Plaintiff.  The Invalidity Contentions shall contain the following information:

1

a.  The identity of each item of prior art that Defendants allege anticipates each asserted claim or renders the claim obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher.  Any alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place, or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known.

b.  Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

c.  A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

d.  Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

5. <u>Non-Infringement Contentions</u>.  Unless otherwise agreed to by the parties, not later than June 12, 2026, Defendants shall serve their Non-Infringement Contentions on Plaintiff, and commence production of the underlying documents.  The Non-Infringement Contentions shall set forth any defense of non-infringement and include a claim chart that identifies each claim at issue in the case, each limitation of each claim at issue, and any and all claim limitations that are literally

absent from the Abbreviated New Drug Application(s) or New Drug Application(s) accused of infringement.

6. <u>Infringement Contentions</u>. Plaintiff shall serve Infringement Contentions on Defendants no later than August 7, 2026.  The Infringement Contentions shall contain the following information:

a.  Each claim of each asserted patent that Plaintiff alleges Defendants infringe, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

b.  Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each Defendant of which Plaintiff is aware.  This identification shall be as specific as possible.  Each product, device, and apparatus shall be identified by name or model number, if known.  Each method or process shall be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed method or process;

c.  A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

d.  For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

e.  Whether each limitation of each asserted claim is alleged to be present in the Accused Instrumentality literally or under the doctrine of equivalents;

f. For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled; and

g. If Plaintiff wishes to preserve the right to rely, for any purpose, on the assertion that its own licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, Plaintiff shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim ("Embodying Instrumentality").

7. <u>Amendment of Contentions</u>. Amendment of the Invalidity Contentions and Noninfringement Contentions may be made only by order of the court upon a timely showing of good cause.

8. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join parties and to amend or supplement the pleadings shall be filed on or before October 9, 2026.

9. <u>Discovery.</u>

a. <u>Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before November 13, 2026.

b. <u>Document Production</u>. Document production shall be complete by September 4, 2026.

c. <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each party.

d. <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each party.

e. <u>Depositions</u>. Each party will be limited to 10 depositions. Any party representative (officer, director, or managing agent) of a party filing a civil action in this district

court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the court or by agreement of the parties.  A Defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this district court for purposes of this provision.

      f.  <u>Disclosure of Expert Testimony</u>.  For the party that has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before December 11, 2026.  The opposing party's responsive disclosure of expert testimony, including expert reports to be submitted by Plaintiff regarding any objective indicia of nonobviousness, is due on or before January 15, 2026.  Reply expert reports from the party with the initial burden of proof are due on or before February 5, 2027.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Any expert depositions shall be taken no later than April 16, 2027.

      g.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the court by email at [brysonw@cafc.uscourts.gov](mailto:brysonw@cafc.uscourts.gov) describing the nature of the dispute.  The court will then ordinarily direct the filing of letter briefs, to be followed by a Zoom hearing if the court considers a hearing necessary.  Discovery-related disputes should not be addressed by motion.

11.  <u>Application to the Court for a Protective Order</u>. Should counsel find it necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court no later than two weeks after this scheduling order is entered. Should

counsel be unable to reach agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12. <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.  Papers should not be filed under seal unless there is a specific and substantial reason that particular materials in those papers are confidential and need to be protected from disclosure.

13. <u>Courtesy Copies</u>.  Courtesy copies of routine motions or other documents filed ordinarily need not be provided to the court.  However, the parties shall provide the court with one courtesy copy of all briefs relating to claim construction, dispositive motions, or *Daubert* motions, along with a courtesy copy of any other document filed in support of any such brief (i.e., appendices, exhibits, declarations, affidavits, etc.) by mailing them to Judge Bryson's chambers, 717 Madison Place, N.W., Washington, D.C. 20439.  This provision also applies to papers filed under seal that accompany those briefs.

14. <u>Claim Construction</u>.  In advance of claim construction briefing, the parties will meet and confer to determine what, if any, issues of claim construction the court needs to address.

a. <u>Claim Construction Briefing</u>.  On or before August 21, 2026, Plaintiff will file a brief of no more than 5000 words setting out its position on claim construction.  On or before

September 11, 2026, Defendants will file a single answering brief of no more than 7500 words setting out its position on claim construction. On or before October 2, 2026, Plaintiff may file a reply brief of no more than 5000 words on claim construction. On or before October 23, 2026, Defendants may file a sur-reply brief of no more than 2500 words on claim construction.

b. <u>Meet and Confer on Claim Construction</u>. On or before October 30, 2026, the parties will meet and confer to narrow their disputes as to claim construction issues. Within three business days of the meet and confer, the parties will submit to the court a joint status report indicating what, if any, issues have been resolved or narrowed regarding claim construction.

c. <u>Hearing on Claim Construction</u>. If, after considering the parties' briefs and the status report, the court determines that a hearing on claim construction would be useful, the court will set such a hearing at its convenience. At least 10 days in advance of the hearing, each party will advise the court and the opposing party if live testimony will be presented at the hearing. The court strongly discourages the use of PowerPoints and other demonstratives. If the parties wish to refer to exhibits or illustrations, those should be included in the materials submitted to the court with the claim construction briefs.

15. <u>Deadlines</u>. All documents required to be filed on a specified date (or within a specified number of days after a particular event) must be filed no later than 5 p.m. on the date specified. Any requests to extend a deadline must be filed at least three business days in advance of the deadline.

16. <u>Case Dispositive and *Daubert* Motions</u>. Each side will address all their case dispositive and *Daubert* motions in an opening brief of no more than 7500 words due for filing by April 9, 2027. Each side may file a single responsive brief of no more than 7500 words, due by April 23, 2027. The movant may then file a single reply brief of no more than 2500 words, due by May 7, 2027.

17. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1. Any brief in support of a motion, as well as the associated response and reply briefs, should be double-spaced with 12-point Times New Roman font. All footnotes in such briefs should be double-spaced.

18. <u>Pretrial Conference</u>. On a date to be determined, the court will hold a final pretrial conference with counsel. The parties shall file a joint proposed pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference.

19. <u>Motions in Limine</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the joint proposed pretrial order. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. The party making the *in limine* request may file a reply of one page in support of its request.

20. <u>Trial</u>. This case is scheduled for a 4-day bench trial beginning at 8:30 a.m. on November 9, 2027 at the Howard T. Markey National Courts Building, 717 Madison Place, NW Washington, DC 20439. The trial will be timed, with each party being given 12 hours to present its case. The 30-month stay expires on May 19, 2028.

IT IS SO ORDERED.

SIGNED this 14th day of April, 2026.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

8